DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Marjorie Rosenthal, etc., et al., ) | |
| ) | CASE NO. 5:04CV364 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Bridgestone/Firestone, Inc., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

## I. Introduction

Before the Court is Plaintiffs' Motion for an Order of Voluntary Dismissal Without Prejudice of Plaintiffs' Claims Pursuant to Rule 41(a)(2) (Doc. No. 135), which has been fully briefed (Doc. Nos. 137, 138, 139). Because granting the Motion will not result in plain legal prejudice to Defendants, the Motion will be GRANTED with the condition that Plaintiffs pay Defendants' reasonable attorney fees and costs for work that cannot be transferred to the concurrent Connecticut action. The Court will not enter an order of dismissal until Plaintiffs notify the Court that they accept this condition and subsequently pay Defendants' reasonable attorney fees as ordered by the Court.

## II. Background

On Feburary 23, 2004, Plaintiffs Marjorie Rosenthal, wife and executor of the estate of Amal Murarka, along with Sumeet and Pamela Murarka filed suit against Defendants Bridgestone/Firestone, Inc. and Ford Motor Company. Plaintiffs seek recovery for injuries that resulted from a single-car automobile accident that occurred in North Carolina on August 16, 2003. They allege that the Ford

(5:04CV364)

Explorer and the Bridgestone/Firestone tires on the Explorer at the time of the accident were defective products.

On October 27, 2004 and October 29, 2004, Defendants filed Motions for Summary Judgment based upon North Carolina's Statute of Repose.  The Court had established March 18, 2005, as the dispositive motion deadline, with responses due April 8, 2005, and replies due April 15, 2005.  On November 24, 2004, Plaintiffs filed their Unopposed Motion for an Extension of Time Until December 10, 2004 to Respond to Defendants' Motions for Summary Judgment.  At that time, the Court indicated that Plaintiffs' responses to Defendants' Motions would not be due until April 8, 2005, the previously scheduled deadline, because discovery had not yet been completed.

On February 25, 2005, Plaintiffs filed suit in Connecticut Superior Court for injuries arising out of the same accident that serves as the basis for this suit.  The action has since been removed to the United States District Court for the District of Connecticut.  In addition to Plaintiffs here, the plaintiffs in the Connecticut case include Plaintiffs' children, and the defendants include the tire dealer who sold the allegedly defective tires.  While the products liability allegations are substantially similar in both actions. the plaintiffs in the Connecticut case assert loss of consortium claims that are not raised here.

On April 8, 2005, Plaintiffs filed their Responses to Defendants Motions for Summary Judgment.  North Carolina's Statute of Repose (the Statute of Repose) provides that "[n]o action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." N.C. Gen. Stat. § 1-50(6).  Plaintiffs opposed the

(5:04CV364)

Summary Judgment Motions by arguing that the Statute of Repose would not apply under Ohio's choice-of-law rules because it violates Ohio public policy as embodied in the Ohio Constitution's open courts provision. Plaintiffs alternatively argued that the Statute of Repose does not bar their claim because they brought the action within six years of the initial purchase of the vehicle for use or consumption. This argument required the Court to determine whether "initial purchase for use or consumption" includes an initial lease, an issue that North Carolina courts have not yet addressed.

On June 7, 2005, Plaintiffs moved the Court for oral argument on Defendants' Motions for Summary Judgment. The Court granted the Motion and scheduled this matter for oral arguments to be heard on June 23, 2005. On June 16, 2005, in preparation for oral argument on these Motions, the Court issued under seal a Proposed and Tentative Opinion. The Court expressly reserved the right to reach a conclusion different from that reached in the Proposed and Tentative Opinion after the oral arguments. On June 22, 2005, after receiving the Proposed and Tentative Opinion, Plaintiffs filed their Motion to Dismiss so that they could pursue their concurrent action in Connecticut. The Court now considers this Motion.

### III. Discussion and Law

Fed. R. Civ. P. 41(a)(2) provides that once a defendant has filed an answer or motion for summary judgment "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." It is within the discretion of the district court whether a dismissal should be granted. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (citing Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir. 1974)).

3

(5:04CV364)

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id. (citing Cone v. WV Pulp & Paper Co., 330 U.S. 212, 217 (1947); Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 473 (7th Cir. 1988)).  When determining whether a defendant will suffer plain legal prejudice, courts consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id. (citing Kovalic, 855 F.2d at 474).  "At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." Id. at 719 (citing Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

### A. Whether the law clearly dictates a result for Defendants

Defendants argue that the law here clearly dictates a result in their favor.  In Grover, the Sixth Circuit held that it was an abuse of discretion for the district court to have granted the plaintiffs' motion for voluntary dismissal without prejudice under Rule 41(a)(2). Id. at 718-19.  There, after five years of litigation, the plaintiffs requested certification to the Ohio Supreme Court of the question of whether their cause of action existed under Ohio law, in the process "assuring the district court that 'the resolution of this issue of law will be determinative of this cause.'" Id. at 718.  The district court certified the question, and the Ohio Supreme Court determined that their cause of action did not exist. Id. at 717.  Following the Ohio Supreme Court's ruling, the plaintiffs filed a motion to dismiss their case

4

(5:04CV364)

without prejudice, which the district court granted. Id.

In determining that "the district court's order manifestly burdened defendant with clear legal prejudice[,]" the Sixth Circuit noted "the extra delay and expense experienced by defendant[] and plaintiffs' defeat on the 'determinative' legal issue certified to the Ohio Supreme Court[.]" Id. at 718. Once the Ohio Supreme Court issued its ruling, the law clearly dictated a result for the defendant, and, consequently, the "[d]efendant was entitled to judgment on any claims based upon the cause of action disposed of by the Ohio Supreme Court." Id. at 719. The Sixth Circuit, therefore, reversed the district court's order dismissing the case without prejudice. Id.

Similarly, in Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 987 (5th Cir. 1989), the court held that the "loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes granting a motion to dismiss without prejudice." There, the plaintiff conceded that his causes of action were time-barred under Louisiana law, but he sought to dismiss them under Rule 41(a)(2) so that he could re-file them in a jurisdiction where they would not be time-barred. The court, however, concluded that stripping a defendant of an absolute defense to a suit constituted clear legal prejudice and, therefore, affirmed the district court's denial of the motion to dismiss. Id. at 987.

Here, Defendants contend that the law clearly dictates judgment in their favor based on the Statute of Repose and that granting the Motion to Dismiss will strip them of that defense because Connecticut will not apply the Statute of Repose. The law, however, does not clearly dictate judgment in their favor because it is not clear that this Court would apply the Statute of Repose. The Court provided the parties with the Proposed and Tentative Opinion with the view of assisting them in their

5

(5:04CV364)

preparation for oral argument on the summary judgment motion.  Because of the tentative nature of the Proposed and Tentative Opinion, the Court explicitly reserved the right to reach a different conclusion after oral argument and placed the document under seal so that it would not be cited as authority in other courts.  Plaintiffs presented serious arguments regarding the applicability of the Statute of Repose to their case, which the Court would have further considered during the course of oral arguments.  Unlike Grover, the Court had not been presented with a determinative definitive decision of state law.  Thus, after oral argument, the Court may have determined that the Statute of Repose did not apply in this case.

Furthermore, unlike Phillips, Plaintiffs do not concede that the Statute of Repose bars their claims.  Plaintiffs could have requested that this Court certify a question to either the North Carolina Supreme Court or the Ohio Supreme Court regarding the applicability of the Statute of Repose to the present case.  Consequently, it is unclear whether the Statute of Repose would have applied in this case.  Thus, unlike Phillips, granting the motion to dismiss will not strip Defendants of an absolute defense.  The law, therefore, does not clearly dictate judgment in favor of the Defendants.

### B. Whether a pending summary judgment motion precludes a court from granting a Rule 41(a)(2) motion to dismiss

Defendants next argue that because their Motions for Summary Judgment are pending, the Court must rule on them prior to ruling on the Motion to Dismiss.  In Weaver v. Borden, Inc., No. 78-3540, 1980 U.S. App. LEXIS 16761 (6th Cir. June 11, 1980), the Sixth Circuit reversed the district court's granting of a Rule 41(a)(2) motion to dismiss where the defendant had filed a motion to dismiss

6

(5:04CV364)

(which had been converted into a motion for summary judgment).  There, the plaintiff had been dilatory in effecting discovery and in cooperating in completing the defendant's discovery.  Id. at *1.  Additionally, the district court had denied the plaintiff's motion for a second continuance and extension of time for discovery less than one month before the trial date.  Id.  The defendant then filed a motion to dismiss, which, two weeks later and less than one week before the trial date, plaintiff had still not opposed.  Id. at *2.  At the final pretrial conference, conducted less than one week before the trial date, the district court asked defendant's counsel if he was prepared for disposition of his motion to dismiss, to which defendant's counsel responded affirmatively.  Id.  It was at this time that plaintiff's counsel for the first time announced his intention to move for a dismissal without prejudice, which the district court granted.  Id.

In reversing the granting of the motion to dismiss, the Sixth Circuit stated that "since [the defendant] had filed its motion to dismiss first *and such was ready for disposition*, the district judge should have ruled thereon first."  Id. at *3 (emphasis added).  The court went on to say that "[a] strong reason for not allowing the dismissal by [the plaintiff] was that [the defendant], as a result of the dismissal, suffers plain legal prejudice other than the mere prospect of a second law suit."  Id.  The court further stated that "additional reasons for denying the dismissal without prejudice were that considerable discovery had been taken at substantial cost to [the defendant], [the defendant] had briefed its motion to dismiss, [the plaintiff] had not, at the time of the pretrial conference, filed in opposition to [the defendant's] motion and by seeking a dismissal [the plaintiff] was attempting to deprive [the defendant] of a ruling on its motion."  Id.

7

(5:04CV364)

Here, while Defendants had filed their Motions for Summary Judgment first, the Court had not yet conducted oral arguments on them. The Court had scheduled oral arguments on these Motions to assist the Court in resolving them, but Plaintiffs filed their Motion to Dismiss prior to the oral arguments. Thus, unlike <u>Weaver</u> where the district court asked the defendant if he was ready for a disposition of his motion, the Summary Judgment Motions here were not yet ready for disposition because the Court still needed to conduct oral argument on them.

Furthermore, Plaintiffs here, unlike the plaintiff in <u>Weaver</u>, were not dilatory in their preparation for the resolution of the Summary Judgment Motions or trial. In <u>Weaver</u>, the plaintiff had not prepared any response to the motion to dismiss and had not completed his discovery. Granting the motion to dismiss in the face of the impending trial in <u>Weaver</u> would have allowed the plaintiff to remedy these conditions and, consequently, would have prejudiced the defendant for its responsible preparation of its case. Here, there is no indication that Plaintiffs have failed to prepare their case. Thus the Defendants here would not be subject to the same prejudice as the defendant in <u>Weaver</u> by a granting of Plaintiffs' Motion to Dismiss.

**C. Whether Plaintiffs were dilatory**

Defendants next argue that Plaintiffs engaged in excessive delay before filing their Motion to Dismiss the suit. One of the <u>Grover</u> factors is "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action." 33 F.3d at 718. Defendants contend that Plaintiffs' decision to wait until April 8, 2005, to file their responses to Defendants' Motions for Summary Judgment evince their dilatory conduct because fact discovery was not necessary for resolving the Statute of Repose issue.

8

(5:04CV364)

First, the Court established the deadline for Plaintiffs to file their responses to the Motions for Summary Judgment. Thus an assertion that Plaintiffs were dilatory in adhering to that schedule is without merit. Furthermore, the Statute of Repose issue deals in part with a choice of law issue, an issue dependent upon the facts surrounding the litigation. Consequently, it is plausible that Plaintiffs could have developed facts during the discovery process which may have altered the resolution of the choice of law question and the application of the Statue of Repose.

Defendants also argue that Plaintiffs' decision to wait one year before filing the Connecticut action exhibits an attempt to delay the litigation of this action. Plaintiffs' Connecticut suit, however, has not delayed this Court's moving forward with this action. Accordingly, the Court concludes that Plaintiffs filing of the Connecticut action does not establish an attempt to delay this action.

Defendants also argue that Plaintiffs excessively delayed filing their Motion to Dismiss. In Grover, the Plaintiff did not file its motion to dismiss until the parties had been engaged in litigation for over five years. Id. Here, in contrast, Plaintiffs filed their Motion to Dismiss after only sixteen months of litigation. While the Court acknowledges that fact discovery has been completed and all discovery is nearly complete, this discovery will largely be transferable to the Connecticut action. Consequently, any delay on the part of Plaintiffs in filing their Motion does not sufficiently prejudice Defendant to preclude dismissal.

### D. Whether Defendants' effort and expense of preparation for trial preclude dismissal

Lastly, Defendants contend that their efforts and expense in reaching this point in the litigation

9

(5:04CV364)

render granting the Motion to Dismiss clear legal prejudice and alternatively request that the Court grant them costs and attorney fees. The Court is aware that Defendants have expended great efforts and resources litigating this case. In addition to the Motions for Summary Judgment that Defendants have filed, the parties have also taken over thirty depositions, engaged in mediation, and attended court conferences. All of this effort and expense, however, will not go to waste because much of the discovery in this case will overlap with discovery in Plaintiffs' concurrent action in Connecticut. The Court, however, recognizes that not all of Defendants' costs and expenses will overlap with the Connecticut action. The Court, therefore, conditions the dismissal of this action pursuant to Rule 41(a)(2) on Plaintiffs' paying Defendants reasonable costs and attorney fees for work that cannot be transferred to the concurrent Connecticut action. Thus, Defendants' expenses from this action will not be excessive. Defendants' efforts and expenses in this case, consequently, do not render granting the Motion to Dismiss clear legal prejudice to Defendants.

## IV. Conclusion

For the foregoing reasons, the Court concludes that granting Plaintiffs' Motion for an Order of Voluntary Dismissal Without Prejudice of Plaintiffs' Claims Pursuant to Rule 41(a)(2) (Doc. No. 135) does not constitute clear legal prejudice to Defendants. The Motion, therefore, will be GRANTED subject to the condition that Plaintiffs pay Defendants' reasonable attorney fees and costs for work that cannot be transferred to the concurrent Connecticut action.

The Court will not enter an order of dismissal until Plaintiffs notify the Court that they accept this condition and subsequently pay Defendants' attorney fees as ordered by the Court. Plaintiffs shall

(5:04CV364)

notify the Court by Friday, July 22, 2005, whether they agree to the condition that they pay Defendants' reasonable attorney fees and costs for work that cannot be transferred to the Connecticut action. If Plaintiffs agree, Defendants shall file their fee petitions by Friday, August 5, 2005. Plaintiffs shall then file their objections, if any, to Defendants' fee petitions by Friday, August 19, 2005. The Court will then decide what reasonable attorney fees Plaintiffs shall pay. Plaintiffs shall then pay, and provide proof to the Court that they have paid, Defendants' attorney fees within thirty (30) days of the Court's order establishing the fee amount. Upon receipt of this proof, the Court will enter the order of dismissal.

    IT IS SO ORDERED.

| | |
|---|---|
|  July 6, 2005 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |